| | |
|---|---|
| 1 | THE HONORABLE JOHN C. COUGHENOUR |
| 2 | |
| 3 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRAD L. SMITH and TAMMIE SMITH, husband and wife,

    Plaintiff,

v.

LABORATORY CORPORATION OF AMERICA, INC., a Delaware corporation; PACIFIC NORTHWEST PATHOLOGY ASSOCIATES, a Washington Professional Limited Liability Corporation; and JANE J. YIN, M.D.,,

    Defendant.

CASE NO. C09-1662

ORDER

This matter comes before the Court on Plaintiffs Brad Smith ("Smith") and Tammie Smith's motion for partial summary judgment on Idaho claims (Dkt. No. 110), Defendant Pacific Northwest Pathology Associates ("PNPA")'s response (Dkt. No. 124), Defendant Laboratory Corporation of America ("LabCorp")'s response (Dkt. No. 129) and cross motion for summary judgment (Dkt. No. 130), and Plaintiffs' reply. (Dkt. No. 145.) The Court also considers Defendants PNPA and Dr. Jane Yin's motions for reconsideration (Dkt. No. 137) and motion to certify for interlocutory appeal. (Dkt. No. 138.) Having thoroughly considered the parties'

briefing and the relevant record, the Court finds oral argument unnecessary and hereby rules as follows.

## I. BACKGROUND

The facts of this case were discussed in a previous order and need not be discussed here. (Dkt. No. 119.) Plaintiffs now move for summary judgment and ask the Court to find that under Idaho law, a) PNPA was either acting in concert with or acting as an agent of LabCorp, and b) Dr. Yin was acting with the apparent authority of LabCorp when she diagnosed Smith.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 56(c) mandates that a motion for summary judgment be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). There exists a genuine issue as to a particular fact—and hence that fact "can be resolved only by a finder of fact" at trial—when "[it] may reasonably be resolved in favor of either party"; conversely, there exists no genuine issue when reasonable minds could not differ as to the import of the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52 (1986). Whether a particular fact is material, in turn, is determined by the substantive law of the case: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Summary judgment, then, demands an inquiry into "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law": if applying the relevant law to those facts about which no two reasonable fact-finders

could disagree dictates that the moving party must prevail, then a motion for summary judgment must be granted. *Id.* at 250–52.

## III.   DISCUSSION

### A.   Concerted Action

Plaintiffs argue that when Dr. Yin provided pathology services for PNPA, PNPA was acting in concert with LabCorp. Under Idaho law, Plaintiffs argue, this concerted action makes PNPA and LabCorp jointly and severally liable to Plaintiffs. The Idaho statute on joint and several liability states:

> A party shall be jointly and severally liable for the fault of another person or entity or for payment of the proportionate share of another party where they were acting in concert or when a person was acting as an agent or servant of another party. As used in this section, "acting in concert" means pursuing a common plan or design which results in the commission of an intentional or reckless tortious act.

Idaho Code § 6-803(5). Plaintiffs fail to show that Defendants' conduct meets this standard. Plaintiffs do not even argue for the existence of a common plan, but rather arrive—absent authority or analysis—at the conclusion that "LabCorp and PNPA were pursuing a 'common plan' to diagnose the patients of LabCorp's physician clients in Idaho[.]" (Mot. 16 (Dkt. No. 110).) A bare assertion such as this falls well short of Plaintiffs required showing that there is no genuine issue of material fact.

Plaintiffs attempt to salvage their concerted-action claim with the contention that the "common plan" definition is incomplete. Despite the explicit language of Idaho Code § 8-603(5), Plaintiffs argue that the true definition of concerted action lies in *Price v. Aztec, Ltd.*, 701 P.2d 294, 297–98 (Idaho Ct. App. 1985), in which the Court of Appeals adopted the broader language of the Restatement (Second) of Torts § 876. (Mot. 15 (Dkt. No. 110).) This is incorrect. *Price* predates the statute by five years, which suggests that the Idaho Legislature overturned *Price* and

adopted a narrower definition of concerted action when they drafted § 8-603. Plaintiffs rebuttal that "the legislature is presumed not to intend to overturn long established principles of law" is unavailing. (Reply 2 (Dkt. No. 145) (citing *St. Luke's Reg'l Med. Ctr., Ltd. v. Bd. of Comm'rs (In re O'Brien)*, 203 P.3d 683, 688 (Idaho 2009).) Plaintiffs have not demonstrated that a definition from a single Court of Appeals case, which has apparently never been cited in a subsequent opinion, is a long established principle of law.

### B. Joint Venture

Plaintiffs next argue that LabCorp is liable for PNPA's conduct because PNPA was acting as an agent of a "joint venture" formed between LabCorp and PNPA. Under Idaho Law, "Whether a relation of joint adventures exists is primarily a question of fact[.]" *Rhodes v. Sunshine Mining Co.*, 742 P.2d 417, 421 (Idaho 1987). That said, the Idaho Supreme Court goes on to identify several possible hallmarks of a joint venture: 1) a combination—whether equal or not—of property, money, efforts, skill or knowledge in some common undertaking; 2) a contract of joint adventure; and 3) a provision for sharing profits or losses. *Id.* The only mandatory element in a joint venture is an agreement to enter into an undertaking between parties having a unity of interest in the objects or purposes of the agreement, and a common purpose in its performance. *Id.*[1] The court also held that the intention of parties controls. *Id.*

Plaintiffs list several facts that, they claim, prove the existence of a joint venture. First, PNPA and LabCorp had a contract in which PNPA agreed to provide pathology services and LabCorp agreed to provide supplies. (Hearn Decl. 80–94 (Dkt. No. 111).) Second, Dr. Roger

---

[1] Counsel for LabCorp writes: "As an initial matter, it bears repeating that the Idaho Supreme Court states that the factors listed above '***must*** be met in order to create a joint venture.' *Rhodes*, 742 P.2d at 420–21." This quotation appears nowhere in the opinion, and appears to be completely fabricated. Counsel for LabCorp continues to find new ways to test this Court's patience.

1  Graham, the sole member of PNPA, served as LabCorp's Medical Director. (*Id.* at 80.) Third,
2  LabCorp retained control over which slides PNPA and Dr. Yin would review. (*Id.* at 55–56.)
3  Fourth, Plaintiffs provide examples showing that LabCorp and PNPA jointly shared the duty of
4  ensuring that pathologists were properly licensed. (Mot. 20–21 (Dkt. No. 110).) This evidence
5  falls short of the required threshold for summary judgment.

6        The problem with Plaintiffs' facts is that while they show that PNPA and LabCorp indeed
7  conducted business together, they fail to show that the arrangement was a joint venture, rather
8  than some other business arrangement. There is no evidence that LabCorp and PNPA agreed to
9  share profits or losses. Both LabCorp and PNPA argue that PNPA was merely an independent
10 contractor (LabCorp Resp. 2 (Dkt. No. 129); PNPA Resp. 2 (Dkt. No. 124).) The very first
11 sentence in the agreement between the parties states that it is a "consulting agreement." (Hearn
12 Decl. 80 (Dkt. No. 111).) Nothing indicates that the parties had any intent to form a joint venture.

13       Further, issues of material fact abound. LabCorp and PNPA dispute Plaintiffs'
14 characterizations of the relationship between the parties, Dr. Graham's role as medical director,
15 and parties' respective roles in ensuring compliance with Idaho law.

16       Plaintiffs have failed to demonstrate that there is no genuine issue of material fact as to
17 the existence of a joint venture.

18     **C.**    **Apparent Authority**

19       Plaintiffs' final argument is that LabCorp is vicariously liable for PNPA's actions under a
20 theory of apparent authority. A principal is liable for the conduct of an agent if a plaintiff can
21 show: 1) conduct by the principal that would lead a person to reasonably believe that another
22 person acts on the principal's behalf, i.e., conduct by the principal "holding out" that person as
23 its agent; and 2) acceptance of the agent's service by one who reasonably believes it is rendered
24

on behalf of the principal. *Jones v. HealthSouth Treasure Valley Hosp.*, 206 P.3d 473, 480 (Idaho 2009).

The most significant problem with Plaintiffs' argument is that they do not allege that Brad Smith believed Dr. Yin was acting on behalf of LabCorp. Plaintiffs write that LabCorp "clothed [Yin] with the trappings of authority" (Mot. 23 (Dkt. No. 110)) and "'voluntarily placed [both PNPA and Yin] in such a position' that Brad Smith would be justified in believing that whoever read his biopsy as noncancerous was acting pursuant to LabCorp authority" (Reply 8 (Dkt. No. 145) (citing *Bailey v. Ness*, 708 P.2d 900, 902 (Idaho 1985)), but these arguments only address the first element of the *Jones* standard. To satisfy the second part of the standard, plaintiff must allege actual belief in a defendant's authority, not merely that such belief would be reasonable or justified. The *Bailey* case confirms this point. There, the court laid out the definition quoted by the Plaintiffs and went on to apply the rules to the facts of the case. The court cited an affidavit in which the plaintiff stated: "Based upon the representations in the letter and the brochures I believed that Mr. Ness was the agent of Defendant Mix-Mill Manufacturing Company[.]" 708 P.2d at 903. This Court is not prescribing a specific form that an affidavit or a motion for summary judgment must take; but *some* fact to show that Plaintiffs' belief was actual rather than hypothetical is necessary. Plaintiffs have provided no such facts.

Defendant LabCorp also moves for summary judgment on the same claims. As discussed above, however, the Court has identified several issues of material fact with respect to these claims and concludes that summary judgment is inappropriate for either party.

**D.     Motion for Reconsideration and Motion to Stay**

Defendants PNPA and Dr. Yin move for reconsideration of the Court's December 30, 2010 order denying their motions for partial summary judgment. (Dkt. No. 119.) Western District of Washington CR 7(h)(1) provides the standard for motions for reconsideration:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Defendants do not present new facts or legal authority. Rather, they argue that the Court erred in holding that Dr. Yin could face criminal and civil liability under Idaho law for acts that were lawful where they occurred, in Washington. The Court declines to reconsider its opinion for two reasons.

With respect to criminal liability, Defendants are simply mistaken that Dr. Yin is subject to criminal penalties under Idaho Code § 54-1804(2). No defendant faces criminal prosecution, and the Court makes no statement as to Dr. Yin's criminal culpability.

With respect to civil liability, Defendants assume the truth of the same arguments that the Court considered and rejected in its prior order. Defendants state: "However, the Court did not determine whether extending Idaho Code § 54-1804(2) over a person outside Idaho's borders for *an act that occurred entirely outside the state of Idaho* gives the statute an unconstitutional reach to a physician who was properly practicing medicine within a state where she held a medical license." (Mot. for Reconsideration 3–4 (Dkt. No. 137) (emphasis added).) As the Court has already held, the action did not occur entirely outside the state of Idaho. A diagnosis is not merely an intellectual exercise existing in a laboratory in isolation. It is necessarily connected to the person a) whose body is being examined, b) who is being told whether they are healthy or sick, and c) who could base critical life decisions on that diagnosis.

Defendants' motion to stay fails for the same reason. In order for a district court to certify an order for interlocutory appeal, the requirements are: (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).

Defendants argue that there is substantial authority for the proposition that a state may not impose sanctions for lawful conduct in other states. (Mot. to stay 7 (Dkt. No. 138).) Again, this mischaracterizes the facts. For the reasons stated above, the Court has determined that Dr. Yin's diagnosis was not entirely outside the state of Idaho. Defendants fail to present any difference of opinion on this issue. Accordingly, the Court declines to certify any issue for interlocutory appeal.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion is DENIED. (Dkt. No. 110.) Defendant LabCorp's cross motion for summary judgment on vicarious liability is DENIED. (Dkt. No. 130.) Defendants' motion for reconsideration is DENIED. (Dkt. No. 137.) Defendants' motion for certification to appeal is DENIED. (Dkt. No. 138.)

DATED this 2nd day of February 2011.

                                                                                    John C. Coughenour
                                                                                    UNITED STATES DISTRICT JUDGE